ANNA ZUKAUSKAS *vs.* STANLEY ZUKAUSKAS.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 29th—decided March 6th, 1930.

*William B. Fitzgerald,* for the appellant (defendant).

*Michael V. Blansfield,* for the appellee (plaintiff).

WHEELER, C. J. The determination of this appeal has been unnecessarily burdened through the failure of the trial court to file a substituted finding in place of the original finding which it had largely and materially corrected. The plaintiff seeks to recover $1000 damages from defendant upon an accounting for $500 belonging to her paid to defendant for her board during the period she was unable to work and provide for herself, and for $1913.44 for wages earned by plaintiff, and paid to defendant; for both of which sums the defendant refused to account to plaintiff.

The defendant, by way of counterclaim, alleged that plaintiff was indebted to defendant for $1450 for board, lodging and care, and $600 for clothing and other necessaries. The plaintiff does not deny that she was indebted in some amount for these items; her complaint should have so alleged. Manifestly her claim is based upon the balance due her upon this accounting.

The nineteen assignments of error in the appeal all relate to the correction of the finding, or to the conclusion to be drawn from the corrections prayed for. There is no occasion for taking these up separately. We shall confine our consideration to three of the matters which are essential to the judgment rendered. The defendant claims that there is no evidence that the plaintiff ever paid him any of the sums she now demands that he account for. Upon the excerpts of the evidence appearing in the record, the finding that these sums were paid the defendant was an inference made by the trial court that these sums were paid the wife of the defendant who took charge of the family finances including the earnings of her husband and acted as his agent in the receipt and use of the amounts paid to her by the plaintiff. This could have been made very much plainer than it appears in these excerpts. Perhaps its seeming inconclusiveness may be due to the failure of the plaintiff to have the entire evidence upon this subject made a part of the record, or to the inadequacy of the development of the situation in the testimony, attributable quite likely in some degree to the witnesses' unfamiliarity with our language. Sufficient does appear in these excerpts to make us unwilling to hold that the inference of fact drawn by the trial court was unjustified; indeed we incline to the view that the finding in this particular reflects the true situation.

The finding that shortly after the plaintiff came to

live with the defendant $400 of the $500 deposited in the savings bank in the name of the plaintiff and her sister was given to the defendant to be used for the care and support of the plaintiff is incorrect. The amount so given defendant was only $200 and the finding may be so corrected.

Error is also predicated upon the correction of the finding which recites that $1688.30 of wages earned by the plaintiff was turned over to defendant. The amount of wages earned does not appear in the excerpts from the evidence found in the record, nor do they show the amount turned over to defendant's wife. While assignment of error thirteen is predicated upon exception eight to paragraph nineteen of the finding which states that the amount of the wages earned by the plaintiff and turned over to the defendant was $1688.30 and must be sustained, this will not avail the defendant as there will still be left in the finding paragraph five, which recites that these earnings amounted to $1688.30; to this finding no exception is filed and no assignment of error attacks it.

The appellant claims in his brief that his seventh assignment of error, based on a part of paragraph five of the finding, raises this point; in fact this assignment does not predicate its error on the first part of this paragraph, which recites that "From August, 1925, when the plaintiff went to work at the Waterbury Clock Company until May 13th, 1928, she earned as wages the sum of $1688.30," but upon the part following, "all of which sums she turned over to the defendant's wife, at the defendant's request and for his account." The first part of this paragraph will continue to be a part of the finding whatever disposition is made of this ground of appeal.

The record tends to indicate that no injustice is done the defendant by the finding of this amount of

the earnings of the plaintiff; while formal attack is thus made in the brief of counsel for the defendant upon this finding, in oral argument it was not stressed, although it was of primary importance to defendant's appeal.

There is error in part, the judgment is set aside and the Court of Common Pleas, District of Waterbury, directed to enter its judgment for the plaintiff for $594.30, with interest from May 18th, 1928.

In this opinion the other judges concurred.